# Blumberg *v.* Schimmel, Jr., Appellant.

*Brokers—Real Estate Brokers—Commissions—Failure of plaintiff to secure broker's license——Effect—Judgment non obstante veredicto.*

In an action of assumpsit by a broker to recover a commission, it appeared that plaintiff and defendant contracted for the division of a commission earned in a. real estate transaction. By the terms of the agreement defendant agreed to pay plaintiff a share of the commission "at the time of the final settlement of the properties and upon the condition that at the time of this sale that you are a licensed Philadelphia Real Estate Broker for the year 1925." At the time the commission was earned plaintiff was not a licensed real estate broker. Under such circumstances it was error for the trial court to refuse defendant's motion for judgment non obstante veredicto.

A broker who has not paid his tax or secured his license at the time he earned the commission is conducting the business of a real estate broker against the plain mandate of the law and cannot recover. Subsequent compliance with the law will not cure the illegality of previous transactions.

Argued October 20, 1926. Appeal No. 194, October T., 1926, by defendant from judgment of M. C. Phila-

166    BLUMBERG *v.* SCHIMMEL, JR., Appellant.

Statement of Facts—Opinion of the Court.    [90 Pa. Superior Ct.

delphia County, June T., 1925, No. 750, in the case of Ralph C. Blumberg v. Andrew Schimmel, Jr. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Assumpsit by a real estate broker to recover a commission. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $350.79 and judgment thereon. Defendant appealed.

*Errors assigned* were to the refusal of defendant's motion for judgment non obstante veredicto, the court's ruling on evidence and the charge of the court.

*Henry J. Scott* for appellant.

*Albert Loeb Katz* for appellee.

OPINION BY TREXLER, J., March 3, 1927:

On March 5, 1925, Andrew Schimmel, Jr., the defendant, as agent for Harry F. Everline, entered into an agreement with Ralph C. Blumberg, the plaintiff, as agent for David E. Freedman, to sell certain property therein described, the terms of sale being all therein defined; $500 being paid as down money to be regarded as liquidated damages upon the failure on the part of the vendor to perform the agreement.

On the day of the sale, Blumberg and Schimmel had some conversation as to the division of the commissions which resulted in Schimmel giving Blumberg the following memorandum: "Philadelphia, March 5, 1925. Ralph C. Blumberg, I agree to pay you a commission of 1¼% on the sale of 14 dwellings No. 1429 to 1455 N. Etting Street, Philadelphia, Pa., under

agreement signed this date as agent for David E. Freedman for consideration of $26,600 at the time of the final settlement of the properties and upon the condition that at the time of this sale that you are a licensed Philadelphia Real Estate Broker for the year 1925, Andrew Schimmel, Jr."

Ralph C. Blumberg was a real estate broker duly licensed during the year, 1924, but had not procured a license for 1925 at the time the contract of sale was entered into. He procured one on May 15, 1925, which was before the final settlement. The parties made their own agreement and stipulated the terms upon which Blumberg was to receive commissions. The very purpose of the writing was to fix definitely the transaction. It is plainly stated in the memorandum above set forth, that Blumberg was only to receive commissions if he was a licensed real estate broker for the year 1925. What passed between the parties before the memorandum was made is presumed to have been incorporated therein. The terms of sale had been agreed upon; Blumberg had performed his part and all he had to do, was to await the passing of the title in order to get his commissions, if he was a duly licensed real estate agent. Not having been one, he could not lawfully claim them.

Apart from the condition annexed to his receiving the commissions as set forth in the memorandum, the plaintiff could not recover for "if he had not paid his tax or secured his license at the time he earned the commissions sued for, he was using and exercising the business of a real estate broker against the plain mandate of the law, and cannot recover. Subsequent compliance with the law will not cure the illegality of previous transactions." Luce v. Cook, 227 Pa. 224.

After Blumberg performed the services and earned his commissions by effecting the sale, he rendered him-

self incapable of recovering them, for at that time, he had no license. We are all of the opinion that the court should have granted defendant's motion for judgment n. o. v.

The judgment is reversed and is now entered in favor of the defendant.